UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAY P. PORTON,

    Plaintiff,

v.                                          Case No: 2:17-cv-415-FtM-29CM

THE SALVATION ARMY OF
GEORGIA, INC., TIM GILLIAM,
JILLIANA ROE and ERIN K.
KANDIK,

    Defendants.

## ORDER

This matter comes before the Court upon review of United States of America's Motion to Dismiss Defendant Erin K. Kandik ("Kandik") and Substitute the United States as a Defendant (Doc. 4) filed on July 25, 2017 and United States of America's Motion to Set Aside State Court Order Granting Plaintiff's Motion for Default (Doc. 9) filed on August 7, 2017. Plaintiff has not responded to the United States' motion to substitute (Doc. 4), and his time to do so has expired. Plaintiff's non-response to the motion creates a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). The United States states that Plaintiff opposes the motion to vacate the state court's order granting default. Doc. 9 at 6.

On or about June 1, 2017, Plaintiff filed a lawsuit against Defendants with the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 4 at 1. On July 21, 2017, this case was removed from state court to this Court. Doc.

1. Plaintiff's Complaint alleges that Plaintiff was a resident at the Salvation Army and a participant in the federal reentry program. Doc. 2 ¶ 1. Plaintiff also alleges that he was under the supervision of Kandik, who is a United States Probation Officer. *Id.* Plaintiff alleges that due to his medical condition, he stayed at Lee Memorial Hospital for medical treatment on September 20, 2016. *Id.* ¶ 3. Plaintiff appears to claim that his hospital stay was against the condition to stay confined at his residence. *Id.* Plaintiff further appears to allege that although he notified all relevant personnel of his condition and medical treatment, he was evicted from the Salvation Army with an unsatisfactory status. *Id.* ¶ 5. He argues that his eviction was the result of retaliation by Kandik and Defendant Jilliana Roe a/k/a Jilliana Perez. *Id.* Plaintiff seeks monetary damages and compensatory damages of one million two hundred and fifty thousand dollars. *Id.* ¶¶ 7-8.

## I. The United States' Motion to Dismiss Kandik and Substitute the United States as a Defendant (Doc. 4)

The United States seeks to substitute Kandik as a party defendant because she was acting within the scope of her office or employment at the time of the underlying incident. Doc. 4 at 2. The Acting United States Attorney for the Middle District of Florida has certified that Kandik was acting within the scope of her federal employment as a United States Probation Officer during all times relevant to Plaintiff's claim. *Id.* at 3; Doc. 1-2 at 2. As a result, the United States argues that the substitution is appropriate under Section 6 of the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(d)(1), (2). Doc. 4 at 2.

Pursuant to 28 U.S.C. § 2672 and subject to certain statutory conditions, the head of each federal agency or his designee,

> in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of [her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. . . .

28 U.S.C. § 2672. The statute further provides that for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States Government while acting within the scope of her office or employment, the remedy against the United States provided under 28 U.S.C. § 2672 is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." 28 U.S.C. § 2679(b)(1).

In any civil action or proceeding against any employee of the United States Government or her estate for any such damage or injury, the Attorney General is required to defend the employee or her estate. 28 U.S.C. § 2679(c). Furthermore, once the Attorney General certifies that the defendant employee was acting within the scope of her office or employment at the time of the underlying incident, any civil action or proceeding commenced in a state court must be removed at any time before trial to an appropriate district court of the United States. 28 U.S.C. § 2679(d)(2). Accordingly, this civil action or proceeding "shall be deemed an action against the

United States," and the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1).

Under the regulations, the United States Attorney for the district where the civil action or proceeding is brought is authorized to make the statutory certification that the employee was acting within the scope of her office or employment with the United States Government at the time of the underlying incident. 28 C.F.R. § 15.4. The certification is "*prima facie* evidence that the employee acted within the scope of [her] employment." *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (citation omitted). The burden to prove that the employee acted outside the scope of employment is on a plaintiff. *Id.* (citation omitted).

Here, in accordance with the relevant statutes, the Acting United States Attorney for the Middle District of Florida has certified that Officer Kandik was acting within the scope of her employment at all times relevant to Plaintiff's claim. Docs. 1-2 at 2; 4 at 3. *See* 28 U.S.C. § 2679(d); 28 C.F.R. § 15.4. Plaintiff has not challenged the certification by not responding to the motion. As a result, pursuant to 28 U.S.C. § 2679(d)(1), the Court will substitute the United States as a party defendant for Kandik in this matter.

## II. The United States' Motion to Set Aside State Court Order Granting Plaintiff's Motion for Default (Doc. 9)

The United States seeks to vacate the state court's order dated July 26, 2017, which granted Plaintiff's motion for default against Kandik. Docs. 9, 9-1. This case was removed from state court on July 21, 2017. Doc. 1. Once a defendant files a notice of removal with the district court and the clerk of the state court and provides

written notice to all adverse parties, "the [s]tate court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Accordingly, "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case." *Maseda v. Honda Motors Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir. 1988) (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882)). Any subsequent state court proceedings are "void *ab initio*." *Id.* at 1254-55 (citing *Steamship*, 106 U.S. at 122). As a result, the Court finds that the state court's order dated July 26, 2017 is void and renders the present motion moot. *See id.*

ACCORDINGLY, it is hereby

**ORDERED:**

1. United States of America's Motion to Dismiss Defendant Erin K. Kandik and Substitute the United States as a Defendant (Doc. 4) is **GRANTED**. The United States is **SUBSTITUTED as a party defendant for Erin K. Kandik** in this case.

2. The Clerk of Court is directed to terminate Erin K. Kandik as a party defendant and edit the docket to reflect the United States as a defendant. The caption of all future filings in this case also should so reflect.

2. United States of America's Motion to Set Aside State Court Order Granting Plaintiff's Motion for Default (Doc. 9) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Jay P. Porton *pro se*