UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAY P. PORTON,

    Plaintiff,

v.                                      Case No: 2:17-cv-415-FtM-29CM

UNITED STATES OF AMERICA,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #7) filed on August 2, 2017 and Plaintiff's Response (Doc. #14) filed on October 13, 2017. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**I.**

This case arises out of Plaintiff Jay P. Porton's eviction "with an unsatisfactory status" from a residential facility operated by the Salvation Army on or around September 20, 2016. Plaintiff originally filed suit in Florida state court against four defendants: the Salvation Army of Georgia, Inc.; Erin K. Kandik, a United States Probation Officer (Officer Kandik); Jilliana Roe (aka Jilliana Perez), Program Director of the Federal Residential Re-Entry Program; and Major Tim Gilliam. Although there is no separately labeled "count," it appears that Plaintiff's nine-paragraph Complaint purports to allege one count of

"retaliatory conduct," in violation of Fla. Stat. § 83.64.[1] (Doc. #2, ¶ 5; see also Doc. #8-1, p. 6.)  Plaintiff claims that his eviction, which occurred shortly after he was discharged from a hospital stay, caused him "shame, humiliation, and embarrassment," as well as "monetary damages" associated with relocating to a new residence.  (Doc. #2, ¶ 7.)  He requests compensatory damages totaling $1,250,000.00.  (Id. ¶ 8.)

The Government removed the case to this Court on July 21, 2017 (Doc. #1) pursuant to Section 2679(d)(2) of the Federal Tort Claims Act (the FTCA), 28 U.S.C. § 2671 et seq.[2]  In so doing, the Government argued that Plaintiff's cause of action was "tort-

---

[1] This statute makes it "unlawful for a landlord to discriminatorily increase a tenant's rent or decrease services to a tenant, or to bring or threaten to bring an action for possession or other civil action, primarily because the landlord is retaliating against the tenant."  Fla. Stat. § 83.64(1).  It is unclear from the Complaint why Plaintiff believes he was subjected to retaliatory treatment.

[2] That section mandates as follows:

> Upon certification by the Attorney General that the defendant [federal] employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2).

based," and that Officer Kandik was acting in the scope of her employment as a federal probation officer with respect to Plaintiff's claim.[3] The Government also filed a motion seeking to dismiss Officer Kandik from the suit and substitute the United States of America as a defendant (Doc. #4), again citing 28 U.S.C. § 2679(d)(2). Plaintiff did not seek remand or respond to the Motion to Dismiss and Substitute. On August 15, 2017, the Magistrate Judge granted the Motion (Doc. #11). As a result, Officer Kandik was dismissed from, and the United States was made a defendant to, this case.

The undersigned subsequently dismissed Major Gilliam (Doc. #21) without prejudice as a defendant on December 8, 2017 because Plaintiff had not executed service of process on him. On December 21, 2017, the undersigned also dismissed the Salvation Army and Ms. Perez with prejudice (Doc. #24), pursuant to the Stipulation of Dismissal with Prejudice signed by Plaintiff and counsel for the Salvation Army and Ms. Perez (Doc. #23). As such, the United States is now the only defendant in this case.

The Government moves to dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim for violation of Fla. Stat.

---

[3] Attached to the Removal Notice is the "Certification of Scope of Employment" (Doc. 1-2) of W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida.

§ 83.64. In response, Plaintiff asks the Court for permission to file an amended complaint, if the complaint is deemed inadequate.

A federal court must ensure that it has subject matter jurisdiction over the claim or claims alleged before it may proceed to address challenges to the pleading sufficiency of those claims or adjudicate them. Santiago-Lugo v. Warden, 785 F.3d 467, 471 (11th Cir. 2015) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–102 (1998)). Accordingly, the Court begins its analysis with the Government's jurisdictional arguments.

## II.

According to the Government, this Court lacks subject matter jurisdiction over Plaintiff's action for at least two reasons. First, the United States is protected from suit for violations of Fla Stat. § 83.64 by the doctrine of sovereign immunity. Second, even if Plaintiff's Complaint could instead be construed as stating a claim against the United States under the FTCA – for which Congress has waived sovereign immunity – there is no indication that Plaintiff has exhausted his remedies against the appropriate administrative agency, as required for this action to proceed.

**A. Sovereign Immunity**

The doctrine of sovereign immunity presumptively "shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). Congress has the power to waive this immunity and consent to suit in a

particular context, id., but "[s]uch waivers[] . . . must be explicit." Terrell v. United States, 783 F.2d 1562, 1565 (11th Cir. 1986). Where there is no waiver, a "jurisdictional bar" exists, and a court has no power to proceed with a claim asserted against the Federal Government or one of its agencies. In re Custom Contractors, LLC, 745 F.3d 1342, 1347 (11th Cir. 2014); see also United States v. Mitchell, 463 U.S. 206, 212 (1983).

The Government believes dismissal is warranted because "[t]he United States has not waived its immunity from suit in this case and Plaintiff's Complaint does not identify any basis or statute that creates the right to sue the United States." (Doc. #7, p. 1.) However, this argument overlooks the fact that, by removing the case and securing Officer Kandik's dismissal, the Government itself converted Plaintiff's state-law retaliatory eviction/breach of statutory duty claim into an FTCA claim against the United States.[4] Webb v. United States, 789 F.3d 647, 672 (6th Cir. 2015); Eskridge v. Cook Cty., 577 F.3d 806, 807 (7th Cir. 2009); Harbury v. Hayden, 522 F.3d 413, 417 (D.C. Cir. 2008); see also 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim

---

[4] "The FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees." Zelaya v. United States, 781 F.3d 1315, 1323 (11th Cir. 2015) (citations omitted).

arose, any civil action or proceeding commenced upon such claim in a United States district court **shall be deemed an action against the United States** under the provisions of this title . . . ." (emphasis added)).

This fact is important because, as the Government has acknowledged, the FTCA expressly waives the United States' sovereign immunity for most tort claims. <u>Millbrook v. United States</u>, 569 U.S. 50, 52 (2013) (quotation omitted). While there are certain exceptions to this waiver, 28 U.S.C. § 2680, the Government has not argued that any apply to Plaintiff's claim. As such, and because it is outcome-dispositive, the Court proceeds to consider the Government's second jurisdictional argument: Plaintiff's failure to exhaust administrative remedies. <u>See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 431 (2007) ("[T]here is no mandatory 'sequencing of jurisdictional issues.'" (quoting <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584 (1999))).

B.  **Exhaustion of Administrative Remedies**

Once a cause of action has been converted into an FTCA claim, the "FTCA's requirements, exceptions, and defenses apply to the suit." <u>Harbury</u>, 522 F.3d at 417 (citing 28 U.S.C. § 2679(d)(1)). One requirement is that the plaintiff have timely "presented [his] claim to the appropriate Federal agency and [had] his claim . . .

finally denied by the agency in writing."[5]  28 U.S.C. § 2675; see Simpkins v. D.C. Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997); Eskridge, 577 F.3d at 807.  The Eleventh Circuit has "held that the exhaustion requirements are jurisdictional, and that the failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction."  Chapman v. U.S. Postal Serv., 442 F. App'x 480, 485 (11th Cir. 2011) (citing Dalrymple v. United States, 460 F.3d 1318, 1324–26 (11th Cir. 2006)).

The Complaint does not state (or otherwise indicate) that Plaintiff has presented his claim to the appropriate Federal agency and had that claim denied in writing.  Because Plaintiff has not adequately alleged that he exhausted his administrative remedies, the Court is currently unable to adjudicate Plaintiff's claim.  Plaintiff's Complaint is, therefore, dismissed without prejudice for lack of subject matter jurisdiction.  Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").  If Plaintiff can show that he has, in fact, exhausted his administrative remedies, he may file an Amended Complaint within twenty-one (21) days of the date of this Opinion

---

[5] A plaintiff has two years from the date his cause of action accrues to do so.  28 U.S.C. § 2401(b).

and Order.[6]  If no Amended Complaint is timely filed, the case will be closed without further notice.

Accordingly, it is hereby

**ORDERED:**

1.  Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. #7) is **GRANTED** and Plaintiff's Complaint (Doc. #2) is dismissed without prejudice.

2.  Plaintiff has **twenty-one (21) days** from the date of this Order to file an Amended Complaint that adequately alleges that Plaintiff has exhausted his administrative remedies.

3.  If no Amended Complaint is timely filed, the case will be closed without further notice.

**DONE and ORDERED** at Fort Myers, Florida, this 9th day of January, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record

---

[6] The Court does not opine on whether the Amended Complaint would survive a similar motion to dismiss under Rule 12(b)(1) or 12(b)(6).